UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KIER KEAND'E GARDNER,<br><br>                        Plaintiff,<br><br>   v.<br><br>KENTON BOYD, et al.,<br><br>                        Defendants. | NO. 4:19-CV-5238-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |

BEFORE THE COURT is Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 29). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 29) is **GRANTED**.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES ~ 1

# BACKGROUND

This case concerns Plaintiff's grievances regarding prison procedures at the Washington State Penitentiary ("WSP"). *See* ECF No. 11. Following a review of Plaintiff's First Amended Complaint, the Court dismissed every claim except Plaintiff's Eighth Amendment claim. *See* ECF No. 16. Defendants now seek summary judgment for Plaintiff's failure to exhaust administrative remedies. ECF No. 29. Except where noted, the following facts are not in dispute.

**A. Prison Grievance Procedure**

The Washington State Department of Corrections ("DOC") implemented the Offender Grievance Program in 1984 to process grievances relating to incarceration, which is managed in accordance with DOC's grievance policy and the Offender Grievance Program Manual. ECF No. 30 at 1-2, ¶¶ 1-2. The Offender Grievance Program is widely used: over 20,000 grievances are filed per year system-wide. ECF No. 30 at 4, ¶ 6.

Prisoners are advised of the DOC grievance procedure upon arrival at the WSP. ECF No. 30 at 2, ¶ 3. The policy, manual, and grievance forms are available in the prison's law library. ECF No. 30 at 2-3, ¶ 3. Prisoners may file a grievance complaint by submitting a sealed complaint in a locked grievance box. ECF No. 30 at 3, ¶ 3. The grievance manual requires that the grievance include the prisoner's signature, unless the prisoner does not know how to write, to ensure

1  security and validation.  ECF No. 30 at 4, ¶ 7; ECF No. 30 at 5, ¶ 8.  Prisoners
2  must also file within twenty working days from the date of the alleged incident
3  unless there is a valid reason for delay.  ECF No. 30 at 4, ¶ 5.

4  Once received, prison grievance coordinators process complaints based on
5  four levels of review.  ECF No. 30 at 3, ¶ 4.  On Level 0, the prison grievance
6  coordinator pursues informal resolution of written complaints.  *Id.*  The grievance
7  coordinator may return the complaint for rewriting, request additional information,
8  or accept the complaint as a formal grievance.  *Id.*  Notably, if the complaint lacks
9  a signature with the prisoner's committed name, the complaint will be returned.
10 ECF No. 30 at 4, ¶ 7.  On Level I, the local grievance coordinator reviews
11 grievances regarding policy, procedure, or other prisoners.  ECF No. 30 at 3, ¶ 4.
12 On Level II, the prison superintendent investigates appeals from Level I and
13 reviews grievances regarding staff conduct.  *Id.*  On Level III, DOC administrators
14 review appeals from Level II.  *Id.*  Prisoners may not appeal a decision made at
15 Level III.  ECF No. 30 at 4, ¶ 5.

16 **B.  Plaintiff's Claims**

17 Plaintiff is a prison inmate at the WSP.  ECF No. 29 at 1; ECF No. 34 at 1-2.
18 On September 4, 2019, the WSP grievance office received Plaintiff's complaint
19 that alleged staff were not announcing mainline during meal times in violation of
20 WSP policy, causing him to miss three meals.  ECF No. 30 at 5, ¶ 10.  Plaintiff

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE
REMEDIES ~ 3

alleges that this occurred because DOC staff did not like Plaintiff's refusal to go by his committed last name and wanted to give him "shit."  ECF No. 34 at 2.  Plaintiff signed the complaint in part with his middle name, "Keand'e RCW 62A.1-308 under protest."  *Id.*  Plaintiff's committed name is Kier Keand'e Gardner.  *See* ECF No. 11.  The grievance coordinator returned the complaint to Plaintiff on the grounds that Plaintiff failed to properly sign the form.  *Id*. at 6.

Defendants claim that Plaintiff did not appeal the request that he sign his committed name nor did Plaintiff file a new grievance with the requested signature.  *Id.*  Plaintiff relies on his own declaration to claim that he submitted an appeal that was never filed nor acknowledged by DOC.  ECF No. 34 at 7.  Plaintiff concedes that no copies or records exist of this appeal.  *Id.*

## DISCUSSION

**A. Summary Judgment Standard**

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the court must only consider admissible evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.

1  317, 323 (1986).  The burden then shifts to the non-moving party to identify

2  specific facts showing there is a genuine issue of material fact.  *See Anderson v.*

3  *Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla

4  of evidence in support of the plaintiff's position will be insufficient; there must be

5  evidence on which the jury could reasonably find for the plaintiff."  *Id*. at 252.

6      For purposes of summary judgment, a fact is "material" if it might affect the

7  outcome of the suit under the governing law.  *Id.* at 248.  Further, a material fact is

8  "genuine" only where the evidence is such that a reasonable jury could find in

9  favor of the non-moving party.  *Id.*  The Court views the facts, and all rational

10  inferences therefrom, in the light most favorable to the non-moving party.  *Scott v.*

11  *Harris*, 550 U.S. 372, 378 (2007).  Summary judgment will thus be granted

12  "against a party who fails to make a showing sufficient to establish the existence of

13  an element essential to that party's case, and on which that party will bear the

14  burden of proof at trial."  *Celotex*, 477 U.S. at 322.

15      "Courts should construe liberally motion papers and pleadings filed

16  by *pro se* inmates and should avoid applying summary judgment rules

17  strictly."  *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).  "This rule

18  exempts *pro se* inmates from *strict* compliance with the summary judgment rules,

19  but it does not exempt them from *all* compliance."  *Soto v. Unknown Sweetman*,

20  882 F.3d 865, 872 (9th Cir. 2018) (emphasis in original).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE
REMEDIES ~ 5

**B. Failure to Exhaust Administrative Remedies**

*1.  The Prison Litigation Reform Act*

Under the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available, are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is a mandatory prerequisite to filing suit in federal court.  *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with applicable procedural rules'" defined by the specific prison grievance process in question.  *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88).

In the Ninth Circuit, a motion for summary judgment is generally appropriate for raising the plaintiff's failure to exhaust administrative remedies.  *Albino v. Baca*, 747 F.3d 1162, 1170-71 (9th Cir. 2014).  The burden is on the defendant to prove that there was an available administrative remedy that the plaintiff failed to exhaust.  *Id.* at 1172.  The burden then shifts to the prisoner to produce evidence showing "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable

to him." *Id.* Unavailable remedies include those that: (1) "operate[] as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," (2) are opaque and incapable of use, or (3) "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016); *Fuqua v. Ryan*, 890 F.3d 838, 850 (9th Cir. 2018). The ultimate burden of proof remains with the defendant. *Albino*, 747 F.3d at 1172.

2. *Exhaustion under WSP's Grievance Process*

Defendants have demonstrated that an available administrative remedy exists through the WSP Offender Grievance Program, which consists of four levels of review. *See* ECF No. 30 at 1-5, ¶¶ 1-9. Plaintiff initiated the grievance process when he submitted a complaint. ECF No. 30 at 5, ¶ 10. The grievance coordinator returned the complaint for failure to sign his committed name with instruction to appeal or file a new grievance with committed signature. ECF No. 30 at 5-6, ¶ 10. Defendants assert that Plaintiff failed to exhaust his remedies because he did not appeal or file a new grievance with committed signature. ECF No. 29 at 6.

Plaintiff argues that this administrative remedy was effectively unavailable to him due to "interference, improper screening and misrepresentation" on the grounds (1) that DOC policy does not require a committed signature and DOC staff have previously accepted his middle name signature, and (2) that he did file an

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES ~ 7

1    appeal of the rejection. ECF No. 34 at 6-7. Plaintiff does not dispute that he failed

2    to file a new grievance with his committed signature. *See* ECF No. 34.

3         First, Plaintiff disputes the required committed signature, arguing that the

4    manual only specifies a "signature." *See* ECF No. 34 at 5. However, the

5    requirement of a committed signature on a grievance form is proper pursuant to the

6    WSP policy which Plaintiff had access to in the prison library. *See* ECF No. 30 at

7    2-3, ¶ 3; ECF No. 31-1 at 15 (Manual requires signature); ECF No. 31-2 at 4 ("An

8    individual … must use the name under which s/he was committed to the

9    Department for [a]ny written or verbal communication with employees, contract

10   staff, and volunteers."). The grievance coordinator also alerted Plaintiff to this

11   policy. ECF No. 35 at 10. Moreover, DOC's past acceptance of Plaintiff's

12   preferred signature is not dispositive. The rejection of Plaintiff's grievance did not

13   create a dead end, opaque terms incapable of use, or thwart the process through

14   machination, misrepresentation, or intimidation. Thus, the administrative remedy

15   was not rendered unavailable; the choice not to sign with the committed name was

16   of Plaintiff's own volition.

17        Second, Plaintiff's dispute that he did file an appeal relies only on his own

18   declaration. ECF No. 34 at 7. Indeed, Plaintiff acknowledges that no copies or

19   records exist. *Id.* Even construed liberally in favor of Plaintiff, Plaintiff's bare

20

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE
REMEDIES ~ 8

1  assertion, without more, does not create a genuine issue of material fact in dispute.

2  Therefore, summary judgment is appropriate.

3      *3.  Defendants' request to issue dismissal with prejudice*

4      Defendants argue that Plaintiff's case should be dismissed with prejudice.

5  ECF No. 29 at 3-5.  If a prisoner fails to exhaust available administrative remedies,

6  the proper disposition is generally dismissal without prejudice.  *Wyatt v. Terhune*,

7  315 F.3d 1108, 1120 (9th Cir. 2003), *overruled on other grounds by Albino v.*

8  *Baca*, 747 F.3d 1162 (9th Cir. 2014); *McKinney v. Carey*, 311 F.3d 1198, 1199

9  (9th Cir. 2002) (per curiam).  Defendants' use of cases outside of the Ninth Circuit

10  is not persuasive.  In *Williams v. Comstock*, prejudice is not discussed in a case

11  where a prisoner waited nearly two years to file his grievance that required filing

12  within fourteen days of the date of incident.  425 F.3d 175, 177 (2d Cir. 2005).  In

13  *Graves v. Norris*, the court expressly did not reach the issue of whether dismissal

14  without prejudice was improper when administrative remedies were exhausted.

15  218 F.3d 884, 885–86 (8th Cir. 2000).  Therefore, the Court declines to adopt the

16  approach urged by Defendants.

17

18

19

20

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES ~ 9

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 29) is **GRANTED**.

2. This matter is **DISMISSED** without prejudice.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to the parties, and **CLOSE** the file.

**DATED** August 28, 2020.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES ~ 10