UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| KIER KEAND'E GARDNER,<br><br>      Plaintiff,<br><br>  v.<br><br>KENTON BOYD, et al.,<br><br>      Defendants. | NO. 4:19-CV-5238-TOR<br><br>ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT |
|---|---|

BEFORE THE COURT is Plaintiff's Motion to Alter or Amend Judgment (ECF No. 50).  This matter was submitted for consideration without oral argument.  The Court has reviewed the record and files herein, and is fully informed.  Because the motion is straightforward and simple, the Court will not require the Defendants to respond.  For the reasons discussed below, Plaintiff's Motion to Alter or Amend Judgment is **DENIED**.

Essentially, Plaintiff reargues his opposition to Defendants' motion for summary judgment.  The crux of Plaintiff's argument is that he refused to sign his

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT ~ 1

committed name to the prison's administrative appeal process and now seeks a ruling that he does not have to comply with the prison's procedures.

## DISCUSSION

A motion for reconsideration of a judgment may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

In *Miller v. Marriott Int'l, Inc.*, the Ninth Circuit concluded that Rule 60(b) motions filed within the specified period after entry of judgment, but after notices of appeal were filed, "prevented the ... notices of appeal from becoming effective until the district court rule[d] on the merits of those motions." 300 F.3d 1061, 1064 (9th Cir. 2002). Accordingly, while a notice of appeal generally divests the district court of jurisdiction to proceed, according to Federal Rules of Appellate

Procedure 4(a)(4), a timely filed motion to reconsider allows the district court to rule on the motion, despite that a notice of appeal was filed.

Defendants sought summary judgment for Plaintiff's failure to exhaust administrative remedies. ECF No. 29. Under the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available, are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a mandatory prerequisite to filing suit in federal court. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with applicable procedural rules'" defined by the specific prison grievance process in question. *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88).

The burden is on the defendant to prove that there was an available administrative remedy that the plaintiff failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). The burden then shifts to the prisoner to produce evidence showing "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable

to him." *Id.* Unavailable remedies include those that: (1) "operate[] as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," (2) are opaque and incapable of use, or (3) "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016); *Fuqua v. Ryan*, 890 F.3d 838, 850 (9th Cir. 2018). The ultimate burden of proof remains with the defendant. *Albino*, 747 F.3d at 1172.

The WSP Offender Grievance Program consists of four levels of review. *See* ECF No. 30 at 1-5, ¶¶ 1-9. Plaintiff initiated the grievance process when he submitted a complaint. ECF No. 30 at 5, ¶ 10. The grievance coordinator returned the complaint for failure to sign his committed name with instruction to appeal or file a new grievance with his committed signature. ECF No. 30 at 5-6, ¶ 10.

Plaintiff does not dispute that he failed to file a new grievance with his committed signature. *See* ECF No. 34.

The rejection of Plaintiff's grievance did not create a dead end, opaque terms incapable of use, or thwart the process through machination, misrepresentation, or intimidation. Thus, the administrative remedy was not rendered unavailable; the choice not to sign with his committed name was of Plaintiff's own volition. Because he refused to follow the prison's procedures and use his committed name, he did not exhaust his administrative remedies.

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT ~ 4

1   **ACCORDINGLY, IT IS HEREBY ORDERED:**

2   Plaintiff's Motion to Alter or Amend Judgment (ECF No. 50) is **DENIED**.

3   The District Court Executive is directed to enter this Order and furnish

4   copies to the parties.  The file remains **CLOSED**.

5   **DATED** September 24, 2020.



　　　　　　　　　　　　　　THOMAS O. RICE
　　　　　　　　　　　　　　United States District Judge

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT ~ 5